# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**TIMOTHY HATTEN,** :

    **Plaintiff,** : **CIVIL ACTION NO. 1:10-2660**

  v. : **(CALDWELL, D.J.)**
                                        **(MANNION, M.J.)**

**D. YOUNG,** *et al.*, :

    **Defendants.** :

## REPORT AND RECOMMENDATION[1]

## I. FACTS AND PROCEDURAL BACKGROUND

On December 29, 2010, plaintiff Timothy Hatten, who is presently incarcerated at USP Lewisburg, commenced this action by filing a civil rights complaint. (Doc. No. 1). In his complaint, plaintiff alleges that (1) his due process rights were violated due to a disciplinary reclassification and designation to participate in the Multi-Gang Member Special Management Unit Programs; (2) he was subjected to cruel and unusual punishment under the Eighth Amendment due to deliberate indifference and reckless disregard for his safety when prison officials encouraged and ordered another prisoner to physically attack and assault him with a deadly weapon on September 29,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

2010; and (3) his First Amendment rights are being violated with respect to his kosher meals. *Id.*

On December 29, 2010, the plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. No. 2); (Doc. No. 3). However, because the plaintiff did not file a proper and complete application to proceed *in forma pauperis*, a Administrative Order was issued directing the plaintiff to pay the filing fee or submit a properly completed application to proceed *in forma pauperis* and an authorization form. (Doc. No. 7). Accordingly, the plaintiff filed a complete application to proceed *in forma pauperis* on January 21, 2011. (Doc. No. 8), (Doc. No. 9).

## II.   DISCUSSION

Title 28 U.S.C. §1915(g) prohibits a prisoner proceeding *in forma pauperis* from bringing a civil action or appealing a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

The PLRA was enacted to discourage prisoners from filing meritless claims that place a heavy burden upon federal courts. *See* H.R. Rep. No. 104-378 (1995). A key provision of the PLRA, the "three strikes" rule, provides:

> In no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more *prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The Third Circuit has held that this particular section applies prospectively; it only affects the bringing of new actions or the filing of new appeals, and does not affect pending actions. *See Ghana v. Holland*, 226 F.3d 175, 183 (3d Cir. 2000); *Gibbs v. Ryan*, 160 F.3d 160, 163-64 (3d Cir. 1998). Only those strikes earned up until the time a prisoner commences a new action are relevant; courts may not revoke *in forma pauperis* status if the prisoner later earns a third strike. *Gibbs*, 160 F.3d at 163. As the court in *Gibbs* explained, "Congress could have tied the 'three strikes' bar to an inmate's ability to *maintain* an action. It did not do so." *Id.*

After reviewing the instant action, and the actions that the plaintiff has

3

previously filed, the court has determined that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) applies to plaintiff, because at least three civil actions previously filed by the plaintiff, were ultimately dismissed for failure to state a claim.² Furthermore, it appears that plaintiff has attempted to invoke the "imminent danger" exception to the PLRA. Specifically, in plaintiff's motion to proceed *in forma pauperis* he

---

²

" . . . Plaintiff has filed at least fifteen lawsuits in a court of the United States while he was incarcerated, and that at least three of these complaints have been dismissed as frivolous or for failure to state a claim. *See Hatten v. O'Donnell, et al.*, No. 96-cv-6441 (S.D. Fla. June 18, 1996) (dismissed pursuant to *Heck v. Humphrey*); *Hatten v. Kaplan*, No. 96-cv-418 (S.D. Fla. April 3, 1996) (dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Hatten v. Kaplan*, No. 96-cv-1851 (S.D. Fla. July 25, 1996) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hatten v. O'Donnell, et al.*, No. 96-cv-1854 (S.D. Fla. July 31, 1996) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)). Further, in light of these strikes, Defendants indicate that Plaintiff has been denied leave to proceed *in forma pauperis* in at least six different civil actions. *See Hatten v. Kaplan*, No. 97-cv-3657 (S.D. Fla. Jan. 5, 1998); *Hatten v. Rogalsky, et al.*, No. 00-cv-797 (E.D. Tex. Dec. 12, 2000); *Hatten v. State of Florida Dep't of Highway Safety and Motor Vehicles*, No. 03-cv-80199 (S.D. Fla. April 23, 2003); *Hatten v. Fed. Bureau of Prisons, et al.*, No. 09-cv-1656 (W.D. La. Jan. 20, 2010); *Hatten v. Fed. Bureau of Prisons*, No. 09-cv-1657 (W.D. La. June 14, 2010); *Hatten v. Micieli, et al.*, No. 10-cv-507 (W.D. La. Aug. 24, 2010)."

*Hatten v. Andert et al.*, No. 10-cv-0601, at *2-3 (D. Colo. Filed Oct. 14, 2010).

4

indicates that he has filed more than three frivolous lawsuits, but that he is imminent danger of serious physical injury.

The Court in *Gibbs* determined that the "imminent danger" that would relieve a prisoner from the "three strikes" provision of the *in forma pauperis* statute was measured at the time of the alleged incident, not at the time the complaint was filed. [*Gibbs*, 116 F.3d at 86](). Subsequently however, an *en banc* Third Circuit abandoned the holding in *Gibbs* and followed the Fifth, Eighth and Eleventh Circuit Courts of Appeals in determining that the "imminent danger" exception to the *in forma pauperis* statute is measured, not at the time of the incident, but rather at the time the complaint is filed. [*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(*en banc*)](). As noted by the Third Circuit, ". . .In stark terms, it [Congress] declared that the I.F.P. privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious lawsuits or appeals, no matter how meritorious subsequent claims may be." [*Id.* at 314](). In further explaining the exception for imminent danger, the Third Circuit stated:

> ". . .Congress created a limited exception aimed at preventing future harms, and did so through the use of the word 'imminent'. 'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *See* WEBSTERS II NEW RIVERSIDE UNIVERSITY DICTIONARY 611 (1984).

5

By using the term "imminent", Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint, I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

In contrast, under the *Gibbs'* construction, the prisoner need only show that he was subject to imminent danger at the time of the alleged incident. By definition, an imminent threat of serious physical injury always exist in the moment before any such injury is inflicted. Thus, under the *Gibbs'* approach, any time that an otherwise disqualified prisoner alleges that any threat of physical injury occurred at *any time*, that prisoner automatically qualifies for the imminent danger exception. The *Gibbs'* interpretation of the imminent danger exception thereby swallows the rule. Like every other court of appeals that has considered this issue, we refuse to conclude that with one hand Congress intended to enact a statutory rule that would reduce the huge volume of prison litigation, but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule. . . As citizens, we may disagree with the congressional wisdom, but as judges, knowing the clearly stated legislative purpose, we may not disembowel the legislative act . . .The ability to proceed I.F.P. is not a constitutional right. Congress granted the right to proceed I.F.P. in 1892, and it has the power to limit this statutorily created right. Here it has taken away our ability as judges to grant I.F.P. status to a "three strikes" prisoner, no matter how meritorious his or her subsequent claims may be, unless the prisoner "is under imminent danger of serious physical injury" when he or she "bring(s) a civil action." Congress has

6

> held trump here, and it has dealt a hand. As judges
> we must play it.

*Id.* at 314-316.

With respect to the instant action, it is clear that the plaintiff's allegations do not meet the standard of imminent danger set forth by the Third Circuit in *Abdul-Akbar v. McKelvie, supra.* In fact, there is no indication from the plaintiff's allegations that he is currently in any imminent danger of bodily harm, or even that he was in imminent danger of bodily harm at the time of the filing of his complaint. Although the plaintiff has alleged that he was assaulted by prison officials in 2008 during his incarceration at USP Florence, subjected to excessive force at FCI Oakdale, and the victim of an attack at USP Lewisburg in September of 2010 - the plaintiff has only alleged past injury or harm.

Furthermore, in support of plaintiff's contention that he is in imminent danger of serious physical injury, he directs the court to "see plaintiff's motion and affidavit for leave to proceed *in forma pauperis* pursuant to section 28 U.S.C. §1915(h) and 28 U.S.C. §1915(g) in a habeas corpus action filed with the court Dec. 21, 2010." (Doc. No. 8 at 2). A review of plaintiff's habeas corpus action, Civil Action No. 11-0062, reveals that there is no information in his motion to proceed *in forma pauperis* besides an inmate statement.

7

Consequently, there is no additional information in that motion to proceed *in forma pauperis* which indicates plaintiff is in imminent danger of serious physical injury.

As such, the plaintiff's complaint must be dismissed pursuant to the three strikes rule in §1915(g), consistent with the *en banc* Third Circuit's holding in *Adbul-Akbar*.

### III. RECOMMENDATION

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) plaintiff's motion to proceed *in forma pauperis*,(Doc. No. 8), be **DENIED,**

(2) plaintiff's complaint, (Doc. No. 1), be **DISMISSED** pursuant to the provisions of 28 U.S.C. §1915(g),without prejudice to refiling if plaintiff pays the entire filing fee, and

(3) plaintiff's "motion for preliminary injunction and/or protective order," (Doc. No. 12), be **DENIED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**DATE:** February 25, 2011
O:\shared\REPORTS\2010 Reports\10-2660-01.wpd